IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 09-20101-01-KHV |
| ) | |
| DAVID BROWN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

On June 6, 2016, the Court revoked defendant's supervised release and sentenced him to 14 months in prison and ten months of supervised release. See Amended Judgment In A Criminal Case (Doc. #70) filed June 13, 2016 at 3-4. The Court also imposed a special condition of supervision that "defendant shall reside at a residential re-entry center program, in the community corrections component allowing for work release, for up to 120 days, at the direction of the U.S. Probation Officer." Id. at 5. This matter is before the Court on defendant's letter (Doc. #71) filed September 21, 2016, which the Court construes as a motion for resentencing. For reasons stated below, the Court dismisses defendant's motion.

Defendant asks the Court to allow him to go to a halfway house while in Bureau of Prisons ("BOP") custody. Doc. #71 at 2. The BOP designates the place of defendant's imprisonment. See 18 U.S.C. § 3621(b). The Court does not have authority to dictate placements to the BOP. See United States v. Cosby, 180 F. App'x 13, 13 (10th Cir. 2006); 18 U.S.C. § 3621(b) (BOP charged to designate place of imprisonment); Wedelstedt v. Wiley, 477 F.3d 1160, 1165 (10th Cir. 2007) (statute gives BOP discretion in making designation). In making a designation, the BOP must consider certain factors enumerated by statute, see 18 U.S.C. § 3621(b)(1)-(5), but defendant has

not alleged or shown that the BOP did not do so in his case.

Alternatively, defendant asks the Court to order home confinement for his remaining term of imprisonment. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the BOP in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify his sentence. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

Defendant argues that he only recently learned of the special condition that upon release from BOP custody, he be placed in a halfway house up to 120 days. The Court imposed this special condition at the revocation hearing and it is included in the revocation judgment. Defendant apparently objects to the condition because BOP likely will not release him to a residential reentry

center during the final months of custody.[1]  As noted above, the Court does not have jurisdiction to alter defendant's sentence at this time.[2]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #71) filed September 21, 2016, which the Court construes as a motion for resentencing, is **DISMISSED**.

Dated this 25th day of October, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Under BOP policy, an inmate placement at a residential reentry center shall be the lesser of six months or ten percent of an inmate's sentence.  Here, the Court sentenced defendant to 14 months in prison.  Accordingly, at most, defendant may be eligible for up to 42 days of placement at a halfway house.

[2] Defendant also appears to seek work release and other privileges while at the halfway house.  If the BOP transfers defendant to a halfway house while in custody, the BOP has discretion as to work release and other privileges.  Under Special Condition No. 4, when defendant is at the halfway house on supervised release, the Court directed that he be in the "community corrections component allowing for work release."  Amended Judgment In A Criminal Case (Doc. #70) at 5.